# United States District Court
# Northern District of Indiana

| | |
|---|---|
| EDWARD NEIL SCHAFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:13-CV-1111 JVB |
| vs. | ) |
| | ) |
| WELLS FARGO HOME MORTGAGE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Edward Neil Schafer, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (DE 1, 2.) The court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen the complaint before service on the defendant, and to dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Schafer is currently a prisoner at a federal penitentiary in Ohio. According to the complaint and more than 300 pages of attachments, Schafer, his wife, and their children previously owned a home in Silver Lake, Indiana. He purchased the home in July 2006 with a mortgage issued by Wells Fargo Bank ("Wells Fargo"). After he was incarcerated, his wife continued to make the mortgage payments, but in 2008 she began to fall behind. In 2009, Wells Fargo took steps to collect on the debt, and then initiated foreclosure proceedings in state court, forcing Schafer's wife and children to vacate the home. In this lawsuit, Schafer seeks to be compensated $5 million for the hardships caused by the foreclosure, among other relief.

The circumstances Schafer describes are unfortunate, but this court has no authority to review, reverse, or otherwise invalidate the state foreclosure judgment. Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). In essence, the doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment," and it applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* Thus, Schafer cannot proceed on any claim which attacks the state court judgment or seeks to raise a belated defense to that action. *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646-47 (7th Cir. 2011).

To the extent Schafer raises any claim independent of the foreclosure proceeding that survives the *Rooker-Feldman* bar, it is clear that such claims are untimely.[1] He asserts that Wells Fargo violated the Truth in Lending Act ("TILA") in connection with the issuance of the

---

[1] Although untimeliness is an affirmative defense, dismissal at the pleading stage is appropriate if the defense is apparent from the complaint. *See Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009); *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002).

2

mortgage, but TILA has a statute of limitations of between one and three years depending on the nature of the violation alleged. 15 U.S. § 1640(e). Here the mortgage was issued in 2006, and any claim arising from that transaction has long since expired. Schafer also asserts that Wells Fargo violated the Real Estate Settlement Procedures Act ("RESPA"), the Home Ownership and Equity Protection Act ("HOEPA"), and the Fair Debt Collection Practices Act ("FDCPA") in collecting on the debt and failing to meet with him before foreclosing on the property, but these statutes also have limitations period of between one and three years. *See* 12 U.S.C. § 2614; 15 U.S.C. § 1640(e); 15 U.S.C. § 1692k(d). Schafer is complaining about events that occurred in 2008 and 2009, and his claims asserted in October 2013 are therefore untimely.

Finally, Schafer used the complaint form for actions brought under 42 U.S.C. § 1983, although he does not mention that statute anywhere in the body of his claim. If he is attempting to assert a claim against Wells Fargo under 42 U.S.C. § 1983, such a claim is barred because a private bank is not a state actor that can be sued for constitutional violations. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 823 (7th Cir. 2009) (private entities cannot be sued for constitutional violations under 42 U.S.C. § 1983).

For these reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED** on October 29, 2013.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division